FILED
2005 Nov-30 PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **CORA COLEY,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:03-CV-0628-RDP |
| **BIRMINGHAM CITY BOARD OF EDUCATION, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Strike Answer of Defendant (Doc. # 41), Plaintiff's Motion for Summary Judgment (Doc. # 42), and Defendant's Motion for Summary Judgment. (Doc. # 43). The motions have been fully briefed and were under submission, without oral argument, as of October 27, 2005. (Doc. # 9).

Plaintiff has been an employee of the Birmingham Board of Education (the "Board") since 1967. (Plaintiff's Depo. at 58; Doc. #46, Ex. 3). She began working as a teacher and eventually moved into an administrative role, where she currently serves. (Plaintiff's Depo. at 192, 196; Doc. # 46, Ex. 34). In this lawsuit, Plaintiff has brought claims against the Board under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[1] Plaintiff concedes that the only remaining claims

---

[1] On March 20, 2003, Plaintiff filed this lawsuit against the Board and Dr. Wayman Shriver alleging that Defendants' employment decisions violated the ADEA, Alabama's Age Discrimination Act of 1997 ("AADEA"), § § 25-1-20, *et seq.*, and Title VII. On April 10, 2003, a Motion to Dismiss was filed by the Board, contending, among other things, that as an agency of the state the Board was entitled to absolute immunity. On December 31, 2003, this court dismissed all claims against Dr. Shiver and dismissed Plaintiff's AADEA claim. After receiving additional briefs on the immunity issue, the court denied the Motion to Dismiss as it related to Plaintiff's Title VII and the

for the court to consider are her ADEA claims based on the failure to promote her to the position of Executive Assistant for Athletics ("EAA") in 2002 and the position of Acting Principal of Daniel Payne Middle School ("Acting Principal") in 2002.[2]

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R .Civ. P. 56(c).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

For the reasons outlined below, the court finds that both motions for summary judgment are due to be denied.  Plaintiff's motion to strike is due to be denied, without prejudice.[3]

---

federal ADEA claims against the Board.

[2] Although other discrimination claims were articulated in the complaint and argued by Defendant in its summary judgment motion, Plaintiff candidly admits to the court that "discovery has revealed that Plaintiff may only continue on [the two counts listed above] . . . . Plaintiff understands that the other counts in the complaint not addressed herein will be dismissed by the court." (Doc. # at 48, at 1-2, n.1).  Accordingly, the court will grant Defendant's motion for summary judgment as to all of Plaintiff's claims except the ADEA promotion claims listed above.

[3] Plaintiff has moved to strike portions of Defendant's September 16, 2005 answer that relate to its purported nondiscriminatory reasons for the selection decisions at issue because Plaintiff claims that those reasons were not previously disclosed during discovery.  Plaintiff points out that Defendant's answer was filed after the December 2004 deadline to amend the pleadings and after the September 1, 2005 close of discovery. Although Plaintiff submitted an extensive Rule 30(b)(6) Deposition Notice to Defendant requesting testimony related to a number of relevant issues in this case, including the decisions at issue (Doc. # 47, Ex. 6), Defendant declined to present testimony on any of those topics:

> After reviewing the Rule 30(b)(6) Notice of Deposition that you sent, the Birmingham Board of Education ("Board") does not have anyone who can answer the questions listed in the Notice.  The Board's current Human Resource Office,

**I.      Executive Assistant for Athletics**

Plaintiff claims that Defendant failed to promote her to the EAA position in March 2002 because of her age.  Two individuals were selected for the position: David Mines (age 29 in 2002) and William Sparks (age 68 in 2002).  Plaintiff claims that she applied for the position and was never interviewed (Plaintiff's Depo. at 297), while Defendant claims that Plaintiff was not interviewed, and therefore not selected, for the position because she never applied (Wilkins' Aff. at ¶ 6).  Neither party has produced any documentation to support its position.  The court cannot resolve issues of credibility on summary judgment, *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n. 7 (11th Cir.2003) ("Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment."), and therefore summary judgment is due to be denied because of this dispute alone.[4]  More disturbingly, however, the court is not convinced that the parties are even referring to the *same position*.

It is undisputed that Plaintiff claims that she was not promoted to the EAA position on only

---

> Samuetta Drew, can only testify as to how the department is being run since she commenced the position in 2003.

(Doc. # 47, Ex. 7). The court finds that Plaintiff's efforts to preclude Defendant from litigating certain issues as part of its defense are more appropriately addressed in the court's pretrial order. Accordingly, the court will deny Plaintiff's motion to strike, without prejudice, and will take up those issues with the parties at the pretrial conference.

[4] The court is not persuaded by Defendant's hollow arguments that Plaintiff has not satisfied the elements of her *prima facie* case, nor Defendant's assertions that Plaintiff could have - and should have - deposed Wilkins as part of discovery.  Defendant is in no position to assess blame for discovery tactics given its refusal to produce corporate representatives who could testify about the decisions at issue in this case – and its subsequent miraculous production of post-discovery affidavits doing just that.

one occasion – Plaintiff testified that she applied in March 2002 for the EAA position about which she now complains. (Plaintiff's Depo. at 297). Defendant claims that the EAA position was filled in March 2000. (Doc. # 49, at 2 n.3). Both parties' briefs, however, interchangeably refer to an EAA position available in 2000 and an EAA position available in 2002. (*Compare* Defendant's Doc. # 49, at 2 *and* Plaintiff's Doc. # 57, at 2 *with* Defendant's Doc. # 44, at 16 *and* Plaintiff's Doc. # 42, at 3). A chart produced by the Board during discovery suggests that Mines and Sparks were selected on two occasions for the EAA position – once in 2000 and again in 2002.[5] (Doc. 47, Ex. # 10). Although Defendant presents the affidavit of Arthur "Pete" Wilkins, who represents that he was a member of the interview committee for the EAA position at issue and never saw Plaintiff's application for the position, Wilkins attaches a March 15, *2000* Notice of Vacancy and represents that he retired from the Board in January 2002 – two months before Plaintiff testified that she applied for the position. To say that the evidence lacks clarity would be an understatement. Genuine disputes of material fact prevent summary judgment on this claim.

## II.     Acting Principal of Daniel Payne Middle School

Plaintiff also claims that she applied for the posted position of Principal at Daniel Payne Middle School in 2002 but did not receive an interview for this position. Plaintiff avers that Sherene Carpenter (age 29 in 2002) was hired instead. The evidence reveals that Carpenter was actually selected for the position of *Acting* Principal, while the permanent Principal position was awarded to Pinnie Yarbrough, who, like Plaintiff, is a member of the protected age class. Plaintiff makes

---

[5] Under the heading of "Executive Assistant for Athletics 2002," the chart represents that a Notice of Vacancy was posted in 2000. However, the chart also notes, "[i]n 2002, position was not posted again; Mines and Sparks were non-renewed." (Doc. 47, Ex. # 10).

clear that the only position about which she complains is that for which Carpenter was selected.[6]

Nonetheless, Defendant offers no non-discriminatory reason why Plaintiff, and not Carpenter, was selected to serve as Acting Principal. Although Defendant refers to Carpenter's credentials (Doc. # 44, at 17), it presents no evidence that the decision-makers actually considered those credentials or compared them with Plaintiff's qualifications. The Eleventh Circuit has held that an employer may not satisfy its burden of production by offering a justification which the employer did not consider at the time the decision was made. *Turnes v. AmSouth Bank,* 36 F.3d 1057, 1061 (11th Cir. 1994). "[Defendant's] decision cannot be defended on the basis of the relative qualifications of the applicants if those qualifications were not considered." *Eastland v. Tennessee Valley Authority*, 704 F.2d 613, 626 (11th Cir.1983).

Defendant's sole articulated reason – that the Acting Principal position at Daniel Payne "was not a permanent position" – cuts no ice at all. (Doc. # 44, at 28). While it is true that an "adverse employment action" must result in a serious and material change in the terms, conditions, or privileges of employment, *Davis v. Town of Lake Park, Fla*., 245 F.3d 1232, 1235 (11th Cir. 2001), conduct falling short of ultimate employment decision may still be cognizable under Title VII if it reaches some threshold level of substantiality, *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). Job titles and duties themselves are conditions of employment protected by Title VII, and therefore, a plaintiff need not show economic loss to prove discrimination. *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1561 (11th Cir. 1986). The Acting Principal position in this case was not just a temporary assignment that varied daily like the Officer-In-Charge designation in *Davis v. Town of Lake Park, Fla*. The undisputed evidence shows

---

[6] Thus, any dispute about Defendant's articulated reason for hiring Yarbrough is irrelevant.

that Carpenter was the Acting Principal at Daniel Payne Middle School for an extended period of time – from September 2002 until sometime in 2003. (Drew Affidavit, at ¶ 12). Thus, despite the position's temporary status, the court finds that the Board's failure to appoint Plaintiff to the Acting Principal position rises to the requisite level of substantiality to constitute an adverse employment action.

Because Defendant has not articulated a reason – much less a legitimate, non-discriminatory reason – for the decision to appoint Carpenter to serve as Acting Principal, there are triable issues of fact that prevent summary judgment on this claim.

### III.  Conclusion

Therefore, the court finds that both Defendant and Plaintiff's motions for summary judgment are due to be denied as to Plaintiff's ADEA promotion claims related to the positions of Executive Assistant for Athletics and Acting Principal of Daniel Payne Middle School. Summary judgment as to all other claims is due to be granted in favor of Defendant by concession of the Plaintiff. Plaintiff's motion to strike is due to be denied.

**DONE** and **ORDERED** this ___30th___ day of November, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE